UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRKLAND DALKE, | Case No. EDCV 10-01659-OP |
| Plaintiff, | |
| v. | MEMORANDUM OPINION; ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

The Court[1] now rules as follows with respect to the disputed issues listed in the Joint Stipulation ("JS").[2]

/ / /

/ / /

/ / /

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See Dkt. Nos. 6, 8.)

[2] As the Court stated in its Case Management Order, the decision in this case is made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

# I.
# **DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues raised by Plaintiff as the grounds for reversal and/or remand are as follows:

(1) Whether there is an inconsistency between the Dictionary of Occupational Titles ("DOT") and the Administrative Law Judge's ("ALJ") finding that Plaintiff can perform the jobs of cashier and electronics worker; and

(2) Whether the ALJ made proper credibility findings and properly considered Plaintiff's subjective symptoms.

(JS at 3.)

# II.
# **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

///

# III.
# DISCUSSION

**A. The ALJ's Findings.**

The ALJ determined Plaintiff's residual functional capacity ("RFC") as follows:

> [T]he claimant has the residual functional capacity to perform less than a full range of light work . . . the claimant can lift 20 pounds occasionally and 10 pounds frequently; he can be on his feet for two hours in an 8-hour workday; he can sit without restriction; he must be allowed to use a cane as needed. The claimant also has the following seizure precautions: the claimant cannot work at heights; he cannot drive or operate dangerous equipment; he cannot work around open bodies of water. In addition, the claimant is able to perform simple, repetitive tasks; and he can be expected to miss work twice a month.

(AR at 11.) Given Plaintiff's age, education, work experience, and RFC, the vocational expert ("VE") determined that Plaintiff could perform the following jobs: (i) cashier (DOT 211.462-010); and (ii) electronics worker (DOT 726.687-010). (AR at 39.) In support of the finding of non-disability, the ALJ adopted the VE's findings and determined that Plaintiff could perform these jobs, both existing in significant numbers in the national economy. (Id. at 15.)

**B. The ALJ's Reliance on the VE's Testimony.**

Plaintiff contends that the ALJ erred in determining Plaintiff could perform the jobs of cashier and electronics worker. (JS at 3-8.) With respect to the cashier job, Plaintiff contends that under the DOT, the job requires a reasoning level of three, which exceeds his limitation to performing simple, repetitive tasks. (Id. at 4-5.) With respect to the electronics worker job, Plaintiff contends that the job requirements as described in the DOT do not allow him to use his cane, and expose him to driving or operating dangerous equipment, thereby conflicting with his seizure limitations. (Id. at 5-8, 11-12.)

3

Once a claimant has met his burden at step four of demonstrating that he cannot perform his past relevant work, the burden shifts to the Commissioner at step five to establish that the claimant is capable of performing other jobs in the economy. 20 C.F.R. §§ 404.1520(f)(g), 404.1560(c); see Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995). This burden can be met through the use of a VE. See 20 C.F.R. § 404.1566(e); see also Tackett v. Apfel, 180 F.3d 1094, 1101 (9th Cir. 1999). It can also be satisfied by taking notice of reliable job information contained in various publications, including the DOT. 20 C.F.R. § 404.1566(d). The DOT is a presumptively authoritative source on the characteristics of jobs. See Pinto v. Massanari, 249 F.3d 840, 845-46 (9th Cir. 2001). Nevertheless, the DOT is not the sole source for this information, and the Commissioner may rely on the testimony of a VE for information about jobs. Johnson, 60 F.3d at 1435. Where the VE's testimony differs from the DOT, however, he or she must provide a persuasive rationale supported by the evidence to justify the departure. See Light v. Soc. Sec. Admin., 119 F.3d 789, 793 (9th Cir. 1997).

Here, the ALJ made a specific finding that there was no inconsistency between the VE's testimony and the DOT: "Pursuant to SSR 00-4p, the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles." (AR at 15.) Defendant concedes that the VE's testimony was incorrect with respect to Plaintiff's ability to perform the cashier job. (JS at 9-10.) Under the DOT, the cashier job requires a reasoning level of three. DOT 211.462-010. The ALJ found, based on the VE's testimony, that Plaintiff could perform the cashier job, despite his finding that Plaintiff is limited to simple, repetitive tasks. (AR at 11, 15.) Numerous district courts in this Circuit have held that a limitation to simple, repetitive tasks is inconsistent with a reasoning level of three. See, e.g., Carney v. Astrue, No. EDCV 09-1984 JEM, 2010 WL 5060488, at *4-5 (C.D. Cal. Dec. 6, 2010) (jobs with a reasoning level of three are unsuitable for someone limited to "simple, repetitive tasks"); Burns v. Astrue, No. EDCV 09-

4

1686-JEM, 2010 WL 4795562, at *5-6 (C.D. Cal. Nov. 18, 2010) (same); Wright v. Astrue, No. EDCV 10-400 SS, 2010 WL 4553441, at *4-5 (C.D. Cal. Nov. 3, 2010) (same); Torrez v. Astrue, No. 1:09-cv-626 JLT, 2010 WL 2555847, at *8-9 (E.D. Cal. Jun. 21, 2010) (same); McGensy v. Astrue, No. EDCV 09-152-AGR, 2010 WL 1875810, at *3-4 (C.D. Cal. May 11, 2010) (same); Pak v. Astrue, No. EDCV 08-714-OP, 2009 WL 2151361, at *7 (C.D. Cal. Jul. 14, 2009) (same); Tudino v. Barnhart, No. 06-2487 BEN (JMA), 2008 WL 4161443, at *11 (S.D. Cal. Sept. 5, 2008) (same). Accordingly, the ALJ's reliance on the VE's testimony to find that Plaintiff could perform the cashier job was error. However, the ALJ's finding amounts to harmless error. Stout v. Comm'r of Soc. Sec., 454 F.3d 1050, 1055 (9th Cir. 2006) (an ALJ's error is harmless where such error is inconsequential to the ultimate non-disability determination); Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1991) (harmless error rule applies to review of administrative decisions regarding disability). As discussed below, the ALJ properly relied on the VE's testimony to find that Plaintiff could perform the electronics worker job.

With respect to Plaintiff's contention that the ALJ erroneously relied on the VE's testimony to determine that he could perform the job of electronics worker, his contention is without merit. First, Plaintiff contends that he cannot perform the electronics worker job because the job requires exposure to driving or operating dangerous equipment, which conflicts with his seizure limitations. In support of his contention, Plaintiff recites a number of tasks included in the job description that involve the use of hand tools, power tools, and heating equipment. (JS at 6-7.) However, the job description does not classify any of this equipment as dangerous, and makes no additional references to proximity or exposure to dangerous tools, equipment, or machinery. For example, with respect to "moving mechanical parts," the job description states, "Not Present - Activity or condition does not exist." DOT 726.687-010. Although the job description states that an electronics

5

worker performs "any combination" of the tasks listed by Plaintiff, it does not state that a worker is required to perform all of them. Id. Moreover, Plaintiff has not provided any evidence demonstrating that the equipment required for the electronics worker job is dangerous. Additionally, the job description does not make any reference to driving. Id. Thus, there is no apparent conflict between the VE's testimony and the DOT with respect to Plaintiff's seizure limitations.

Second, Plaintiff contends that "it would not be possible for the plaintiff to fully perform this job while using his cane, thus relegating plaintiff to a one-handed worker." (JS at 7.) Specifically, Plaintiff contends that because he must use his cane, he would not be able to "load and unload parts from ovens, baskets, pallets, and racks while using his cane and only using one of his hands. Moreover, plaintiff would not be able to use his cane and only use one hand to move parts and finished components to designated areas of plant [sic]." (Id.) However, the job description does not specify that Plaintiff must use both of his hands to perform these tasks or any other tasks associated with the electronics worker job. DOT 726.687-010; see Carey v. Apfel, 230 F.3d 131, 146 (5th Cir. 2000) (finding no conflict between VE's testimony and DOT where DOT did not contain any requirement of bilateral fingering ability or dexterity and VE specifically testified that jobs of cashier and ticket seller could be performed with use of only one arm and hand). Plaintiff merely assumes that the tasks associated with the electronics worker job require the use of two hands. Again, he has not provided any evidence to support his contention. Thus, there is no apparent conflict between the VE's testimony and the DOT with respect to Plaintiff's limitation to using a cane as needed.

Further, the ALJ posed a hypothetical question to the VE that included all of Plaintiff's limitations noted in the RFC finding, including his limitations on driving, operating dangerous equipment, and using a cane. (AR at 38-39.) In response, the VE testified that Plaintiff, with the stated limitations, could still

perform the cashier and electronics worker jobs. (Id. at 39.) The VE's testimony, at least with respect to the electronics worker job, constitutes substantial evidence supporting the ALJ's determination that Plaintiff could perform that job. Tackett, 180 F.3d at 1101.

Based on the foregoing, the Court finds that the VE's testimony that Plaintiff could perform the electronics worker job did not conflict with the DOT, and, therefore, the ALJ did not err in relying on that testimony. Accordingly, the ALJ's erroneous reliance on the VE's testimony that Plaintiff could perform the cashier job, which conflicted with the DOT, was harmless.

C. **The ALJ's Credibility Determination and Consideration of Plaintiff's Subjective Symptoms.**

Plaintiff contends that the ALJ erred in finding that his reported symptoms and limitations were not credible and failing to provide sufficient reasons for rejecting his subjective complaints of impairment. (JS at 12-17, 20.)

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). An ALJ's credibility finding must be properly supported by the record and sufficiently specific to ensure a reviewing court that the ALJ did not arbitrarily reject a claimant's subjective testimony. Bunnell v. Sullivan, 947 F.2d 341, 345-47 (9th Cir. 1991). Where, as here, an ALJ's disbelief of a claimant's testimony is a critical factor in a decision to deny benefits, the ALJ must make explicit credibility findings. Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981); see also Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (an implicit finding that claimant was not credible is insufficient).

Under the "Cotton test," where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative

7

evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell, 947 F.2d at 343.

To determine whether a claimant's testimony regarding the severity of her symptoms is credible, the ALJ may consider, *inter alia*, the following evidence: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; and (4) testimony from physicians and third parties concerning the nature, severity, and effect of the claimant's symptoms. Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002); see also Smolen, 80 F.3d at 1284.

Here, the ALJ provided several clear and convincing reasons for finding Plaintiff's subjective complaints of impairment to be less than credible.

Relying on Plaintiff's grandmother's description of his daily activities, the ALJ found Plaintiff not to be a credible witness and discredited the severity of his subjective complaints. (AR at 12.) Plaintiff's grandmother, Juanita Dalke, completed a "Function Report - Adult - Third Party" on December 23, 2008, regarding Plaintiff. In the report, Ms. Dalke stated that Plaintiff was able to drive a car, shop for groceries, watch television daily and talk on the phone with friends, prepare meals, groom himself, and perform household chores and yard work. (Id. at 161-66.) Thus, the ALJ could properly rely on Plaintiff's daily activities, such as completing household chores and yard work, preparing meals, and shopping, to support his adverse credibility determination. See, e.g., Thomas, 278 F.3d at 958-

59 (ALJ may properly consider inconsistencies between claimant's testimony and claimant's daily activities); Morgan v. Apfel, 169 F.3d 595, 599-600 (9th Cir. 1999) (ALJ may properly rely on contradictions between claimant's reported limitations and claimant's daily activities); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) (daily activities inconsistent with total disability undermined subjective testimony of disabling pain); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on claimant's daily activities, including ability to drive); Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989) (ALJ may properly rely on daily activities inconsistent with claim of disabling pain); SSR 96-7p.

   The ALJ also found Plaintiff less credible because he avoided mention of his alcoholism, which the ALJ found caused "most, if not all, of his complaints." (AR at 12.) An ALJ may consider ordinary techniques of credibility evaluation to determine whether Plaintiff's testimony regarding the severity of his symptoms is credible, such as the Plaintiff's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the Plaintiff that appears less than candid. Smolen, 80 F.3d at 1284; see also Thomas, 278 F.3d at 958-59. Plaintiff testified at the hearing that he did not have a problem with alcohol, and that he did not drink alcohol because he was in AA classes. (AR at 24-25.) However, Plaintiff also testified that he had a few beers "every now and then," including the night before the administrative hearing, and that his doctor "probably" told him to refrain from alcohol when he took Dilantin for his seizures. (Id. at 25, 38.) As the ALJ noted, the medical record indicates that Plaintiff's alcoholism "causes most, if not all, of his complaints." (Id. at 13.) Plaintiff previously demonstrated symptoms associated with alcoholism, including the appearance of "coffee grounds" in his vomitus, severe dental decay, a slightly fatty liver, a mild amount of ascites with associated thickened gallbladder walls, a gallbladder polyp, chronic liver disease, and gastritis. (Id. at 222-23, 242, 303-04, 308, 318, 320.) On May 19, 2009, Plaintiff's physician noted that he appeared to

be "very drunk" and needed his mother's assistance due to his "staggering gait." (Id. at 326.) Dr. Linda Smith, the psychiatric consultative examiner, diagnosed Plaintiff with alcohol abuse and stated that he "does not appear to be altogether credible" in his responses to her questions. (Id. at 263, 266.) Thus, the ALJ could properly rely on Plaintiff's lack of candor regarding his alcoholism to support his adverse credibility determination.

Finally, the ALJ discounted Plaintiff's credibility based on discrepancies between Plaintiff's complaints and the objective medical evidence. With respect to the frequency of Plaintiff's seizures, Plaintiff testified at the administrative hearing that he experienced one seizure a week, "black[ed] out" for one to two minutes during his seizures, and fell occasionally. (Id. at 21-22.) In a Seizure Questionnaire dated December 11, 2008, Plaintiff stated that he had been having seizures since 2005, and that his seizures lasted between fifteen minutes and five hours, during which he lost consciousness, had convulsions, and bit his tongue. (Id. at 169.) The ALJ found that Plaintiff's own statements regarding the frequency of his seizures were inconsistent. (Id. at 12.) In addition to these inconsistent statements, the ALJ noted that Plaintiff's condition responded well to medication. See, e.g., Warre v. Comm'r of Soc. Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006) (impairments that can be controlled effectively with medication are not disabling); Crane v. Shalala, 76 F.3d 241, 254 (9th Cir. 1996) (ALJ properly considered claimant's good response to treatment). In contrast to Plaintiff's claim that he had been experiencing seizures since 2005, the ALJ noted that Plaintiff was not prescribed medication for seizures as of August 24, 2007. (Id. at 11, 212, 233.) On June 19, 2008, Plaintiff was prescribed Dilantin for his seizures, shortly after being hospitalized for a seizure. (Id. at 11, 211-12.) On August 21, 2008, Plaintiff reported to his physician that he had experienced "a few seizures" since his previous visit, but that he was better. (Id. at 11, 246.) On November 20, 2008, Plaintiff's physician noted that Plaintiff's Dilantin level had increased and there

were "no further seizures." (Id. at 11, 245.) On June 9, 2009, Plaintiff's physician noted that Plaintiff had experienced two seizures since his previous visit on May 19, 2009, but that his Dilantin level had been increased again, and he had not experienced any more seizures. (Id. at 11, 325.) The State agency consulting physician's findings were consistent with the ALJ's findings. (Id. at 11, 294-95.) Although an ALJ may not disregard a claimant's testimony solely because it is not substantiated affirmatively by objective medical evidence, the lack of medical evidence is a factor that the ALJ can consider in his credibility assessment. Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005). Thus, the ALJ could properly rely on the discrepancy between Plaintiff's subjective complaints and the objective medical evidence to support his adverse credibility determination.

Based on the foregoing, the Court finds that the ALJ provided clear and convincing reasons, supported by substantial evidence in the record, for rejecting Plaintiff's credibility. Thus, there was no error.

## IV.
## **ORDER**

Based on the foregoing, IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

Dated: June 14, 2011

HONORABLE OSWALD PARADA
United States Magistrate Judge